```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DEBORAH ANRISANI,

                         Plaintiff,

            -against-

ANDREW SAUL,¹ Commissioner of Social Security,

                         Defendant.
----------------------------------------------------------------X
```

For Online Publication Only

**MEMORANDUM & ORDER**
20-CV-02275 (JMA)

**APPEARANCES**

    Christopher James Bowes, Esq.
    54 Cobblestone Drive
    Shoreham, New York 11786
    *Attorney for Plaintiff*

    Angela Thornton-Millard
    Breon Peace
    United States Attorney's Office, EDNY
    271 Cadman Plaza East
    Brooklyn, NY 11201
    *Attorney for Defendant*

**AZRACK, United States District Judge:**

Plaintiff Deborah Angrisani² ("Plaintiff") seeks review and reversal of the final decision by the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). Before the Court are the parties' cross-motions for judgment on the pleadings. (ECF Nos. 10, 16.) For the reasons discussed herein, Plaintiff's motion for judgment on the pleadings is GRANTED in

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

[2] The Court notes both spellings of Plaintiff's surname "Angrisani" and "Anrisani" used in the parties' submissions.

part and DENIED in part, the Commissioner's cross-motion is DENIED, and the case is REMANDED for proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff filed her application for DIB on February 24, 2017, alleging a disability onset date of February 10, 2017 due to failed back syndrome, congenital spinal stenosis, persistent lumbosacral radiculopathy.[3] (Tr. 15, 48[4]; see also Complaint ("Compl.")). Following the denial of her application, on May 8, 2017 (Tr. 13), Plaintiff requested a hearing and was represented by counsel, Michael Sullivan, Esq., at an administrative hearing on May 18, 2019 before Administrative Law Judge Susan Smith ("ALJ Smith"). (Tr. 27.)

In a decision dated April 30, 2019 (the "Decision"), ALJ Smith denied Plaintiff's claim. (Tr. 13–19.) ALJ Smith followed the five-step process pursuant to 20 C.F.R. §§ 404.1520(a) and 416.920 and determined that Plaintiff has residual functioning capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) including occasionally climbing ramps or stairs, stooping, kneeling, balancing, crouching, and using foot controls bilaterally. (Tr. 16.) The Decision also determined that Plaintiff could never climb ladders, ropes or scaffolds, among some other stated limitations. (Tr. 16.)

Based on this RFC and the hearing testimony from a vocational expert, ALJ Smith determined that Plaintiff could perform her past relevant work as a social worker. (Tr. 18–19.) Accordingly, ALJ Berkowitz concluded that Plaintiff was not under a disability as defined by the Act from February 24, 2017 through the date of her decision. (Tr. 19.) The Appeals Council

---

[3] Contrary to the Complaint ¶ 7 (ECF No. 1), the Court notes the record does not indicate Plaintiff alleged depression and obsessive compulsive on her February 2017 application.

[4] The page numbers refer to the sequential numbering of the Administrative Record provided on the bottom right corner of the page, not the numbers produced by this District's Electronic Case Filing System.

denied Plaintiff's request for review on April 14, 2020 at which point ALJ Smith's decision became the final decision of the Commissioner. (Tr. 1–5.) This appeal followed. (See ECF No. 1.)

## II.  DISCUSSION

### A.  Social Security Disability Standard

Under the Act, "disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is disabled when his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The Commissioner's regulations set out a five-step sequential analysis by which an administrative law judge (or "ALJ") determines disability.  See 20 C.F.R. §§ 404.1520, 416.920. The analysis is summarized as follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a "severe impairment," (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find his disabled if (5) there is not another type of work the claimant can do.

Brugess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008) (quoting Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)).  At step four, the Commissioner determines the claimant's RFC before deciding if the claimant can continue in his prior type of work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  The claimant bears the burden at the first four steps; but

3

at step five, the Commissioner must demonstrate that "there is work in the national economy that the claimant can do." Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009).

**B. Scope of Review**

In reviewing a denial of disability benefits by the Social Security Administration ("SSA"), it is not the function of the Court to review the record de novo, but to determine whether the ALJ's conclusions "are supported by substantial evidence in the record as a whole, or are based on an erroneous legal standard." Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvior v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1984) (per curiam)). Thus, the Court will not look at the record in "isolation but rather will view it in light of other evidence that detracts from it." State of New York ex rel. Bodnar v. Sec. of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990). An ALJ's decision is sufficient if it is supported by "adequate findings . . . having rational probative force." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

Conversely, a remand for further proceedings is warranted in cases where the Commissioner has failed to provide a full and fair hearing, to make sufficient findings, or to have correctly applied the law and regulations. See Rosa v. Callahan, 168 F.3d 72, 82–83 (2d Cir. 1999); see also 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and

transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

### C. Analysis

Plaintiff challenges ALJ Smith's RFC determination, asserting that ALJ Smith's finding is not supported by substantial evidence and is based on errors of law. Plaintiff raises two arguments, that (1) ALJ Smith did not give sufficient weight to the opinion of her treating physician, Dr. Ali Guy ("Dr. Guy") and, (2) the ALJ did not properly evaluate her subjective complaints of pain. (Pl's Mem. at 16, 21.) Upon a review of the record, the Court agrees and finds that ALJ Smith did not properly apply the regulations in formulating Plaintiff's RFC and remands this case for further consideration.

First, ALJ Smith's failure to appropriately weigh the treating physician Dr. Guy's opinion requires remand. Under the treating physician rule, when a treating physician's opinion regarding the nature and severity of an individual's impairments is supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ will credit that opinion with "controlling weight." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see also Estrella v. Berryhill, 925 F.3d at 90, 96 (2d Cir. 2019).

An ALJ may, however, discount a treating physician's opinion when the opinion is conclusory, the physician fails to provide objective medical evidence to support his or her opinion, the opinion is inconsistent with the record, or the evidence otherwise supports a contrary finding. See 20 C.F.R. §§ 404.1527(c), 416.927(c). An ALJ must provide "good reasons" not to grant controlling weight to a treating physician's opinion. See Estrella, 925 F.3d at 95-96. "[I]f the ALJ decides the opinion is not entitled to controlling weight, [he] must determine how much weight, if any, to give it." Id.. "In doing so, [the ALJ] must explicitly consider the following, nonexclusive

5

Burgess factors: (1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." Id. at 95-96 (quotation marks omitted). "Moreover, the failure to explicitly apply [these] factors when assigning weight at step two is a procedural error" and without "good reasons," a court is "unable conclude that the error was harmless and [will] consequently remand for the ALJ to comprehensively set forth its reasons." Ferraro v. Saul, 806 F. App'x 13, 14 (2d Cir. 2020)(citing Estrella, 925 F.3d at 95-96).

The Court finds that the ALJ failed to appropriately follow the treating physician rule. While the ALJ acknowledged that Plaintiff began seeing Dr. Guy in February 2017, the ALJ was required to determine first whether Dr. Guy's opinion merited controlling weight. See 20 C.F.R. § 416.927(c)(2). The ALJ failed to do so as the Decision makes no reference at all to the controlling weight presumption or as to why Dr. Guy's opinion would warrant "little weight" in comparison to Plaintiff's other treatment providers. (Tr. 17-19.) This error alone warrants remand. See Craig v. Comm'r of Soc. Sec., 218 F. Supp. 3d 249, 266–67 (S.D.N.Y. 2016) (failure to consider factors such as specialization in assessing weight afforded to treating physician's medical opinion warranted remand).

The ALJ then failed to sufficiently set forth the Burgess factors in assigning "little weight" to Dr. Guy's opinion, the sole medical opinion contained in the entire record. The Decision does not adequately set forth the extent of Dr. Guy's treatment relationship with Plaintiff, the amount of medical evidence supporting Dr. Guy's opinion, and other treatment records consistent with Dr. Guy's findings. See Estrella, 925 F.3d at 96 (highlighting ALJ's failure to consider physician's treatment of plaintiff over approximately five years and the range of treatments provided).

A review of the full record indicates Plaintiff was seen by Dr. Guy much more frequently than the handful of times suggested by the Decision. (Tr. 17-19, 487, 603-608). Additionally, the record also points to multiple examples of medical evidence and treatment records supporting Dr. Guy's opinion, such as Plaintiff's emergency room visit for "acute pain" in her lower back on May 25, 2017 (Tr. 541), the "limited range of motion" observed on multiple occasions by Dr. Asha Patnaik, (Tr. 649, 679), and the diagnoses of "degenerative disc disease, fibromyalgia, high-risk medication use, inflammatory polyarthritis, and rheumatoid arthritis." (Id.)

The Decision instead focuses on purported inconsistencies in the treatment records from various sources in denying Plaintiff's application without properly addressing this supporting evidence. The Decision appears to dismiss it in passing as "variable findings." (Tr. 18, 49-50.). However, the Second Circuit has cautioned against this sort of approach, holding that "it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." Stacey v. Comm'r of Soc. Sec. Admin., 799 F. App'x 7, 10 (2d Cir. 2020)(citing Estrella, at 97 (2d Cir. 2019).

The Decision's reliance on these perceived inconsistencies also plainly ignores the cyclical nature of Plaintiff's medical conditions and symptoms as detailed by Dr. Guy in his opinion and Plaintiff's testimony. (Tr. 38-42, 284-286). Dr. Guy noted Plaintiff previously had six back surgeries over the course of five years, mostly recently in 2016, with limited success. While the ALJ noted the claimant reported that her epidural injections helped with 80-85% of her low back pain, the ALJ failed to note or reconcile that weeks later Plaintiff was again in severe pain. (Tr. 610.) Dr. Guy's treatment note also highlighted that the epidural injections were not completely helping Plaintiff's pain. (Tr. 285.). This error supports remand. see also Annabi v. Berryhill, No.

7

16-CV-9057, 2018 WL 1609271, at *16–19 (S.D.N.Y. Mar. 30, 2018) (remanding in part because the ALJ cherry picked evidence that supported the RFC while ignoring evidence that did not).

Second, the ALJ's failure to appropriately consider Plaintiff's subjective complaints of pain supports remand.

An ALJ must follow a two-step framework for evaluating allegations of pain and other limitations. Obremski v. Kijakazi, No. 20-CV-3902, 2021 WL 3163169, at *11 (S.D.N.Y. July 27, 2021). The ALJ considers whether the claimant suffers from a "medically determinable impairment that could reasonably be expected to produce" the symptoms alleged. Id. "If the claimant does suffer from such an impairment, at the second step, the ALJ must consider 'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of record. Id. Among the factors, an ALJ must consider are (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." See 20 C.F.R. § 404.1529(c). Id.

For the same reasons discussed above, the ALJ improperly assessed Plaintiff's complaints of pain. The Decision fails to address the cyclic nature of Plaintiff's symptoms and errs by focusing on the time periods where Plaintiff has improved symptoms. See Estrella, 925 F.3d at 97 ("[I]t is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.")

The Decision also appears to completely disregard the record's detailed history of drugs prescribed to help Plaintiff manage her pain and inflammation, such as Percocet, Tramadol, Oxycodone, Celebrex, Flexeril, Medrol, Humira, Lyrica, and Methotrexate. (Tr. 260, 285). Furthermore, while the ALJ also found that Plaintiff's depression and obsessive-compulsive

8

disorder (OCD) "were not medically determinable impairments," the record contained a letter from Dr. Pecoraro of Stony Brook Medicine's Psychiatric Outpatient Department for Obsessive Compulsive disorder attesting that Plaintiff was "seen regularly" for these conditions and prescribed psychiatric medications to help manage her pain. (Tr. 15, 644.)

These various omissions and unreconciled issues in the ALJ's Decision raise concerns about "cherry picking" or "improperly crediting evidence that supports findings while ignoring conflicting evidence from the same source." Jennifer Lynn E. v. Kijakazi, No. 20-CV-00695, 2021 WL 4472702, at *10 (D. Conn. Sept. 30, 2021); see also Stacey v. Comm'r of Soc. Sec. Admin., 799 F. App'x 7, 10 (2d Cir. 2020) (citing Estrella, 97 (2d Cir. 2019)("cherry-picked treatment notes do not provide 'good reasons' for minimizing [the treating physician's] opinion.")

It also indicates limited analysis which precludes meaningful review by this Court. See SSR 96–7p, 1996 WL 374186, at *2 (stating that an ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight"); see Genier v. Astrue, 606 F.3d 46, 50 (2d Cir. 2010) (noting that an ALJ must consider all the evidence in the record before finding that a claimant is not credible). Accordingly, upon remand, the Commissioner should reassess Plaintiff's subjective complaints based on the record as a whole and determine if such an assessment requires reconsideration of Plaintiff's RFC.

Finally, the Court will not grant Plaintiff's request to remand for calculation of benefits (Pl's Br. at 1.), because the record does not lead to the definitive conclusion that Plaintiff is disabled. See Williams v. Apfel, 204 F.3d 48, 50 (2d Cir. 2000) (directing remand for further

9

proceedings where the record was not entirely persuasive with respect to the Plaintiff's disability). Instead, the Court remands for further consideration consistent with this Order.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's motion for judgment on the pleadings; DENIES the Commissioner's cross-motion; and REMANDS the case for further proceedings consistent with this Order. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: March 30, 2022
Central Islip, New York

                                                          /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE